LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | **Case No. 8:20-cv-01589** |
| **DIECENIA CHAVEZ** and **RAFAEL CHAVEZ,** Plaintiffs, and as Successors-in-Interest for **Decedent RAFAEL CHAVEZ FRANCO** | **COMPLAINT FOR DAMAGES**<br>1.  Fourth Amendment **-** Excessive Force (42 U.S.C. §1983)<br>2.  Fourteenth Amendment **-** Interference with Familial Relations (42 U.S.C. §1983)<br>3.  Violation of Federal Civil Rights **-** (42 U.S.C. § 1983) |
| Plaintiffs, | 4.  Municipal Liability **-** Ratification (42 U.S.C. §1983) |
| vs. | 5.  Municipal Liability **-**Inadequate Training (42 U.S.C. §1983) |
| **CITY OF GARDEN GROVE, CITY OF WESTMINSTER, and DOES 1 through 10, inclusive,** | 6.  Municipal Liability **-** Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983) |
| Defendants. | 7.  Battery **-** Wrongful Death<br>8.  Negligence **-** Wrongful Death<br>9.  Violation of Bane Act **-** (Cal. Civil Code §52.1) |
| | **DEMAND FOR JURY TRIAL** |

**INTRODUCTORY STATEMENT**

1.      This is a civil rights officer-involved shooting death case in which the Plaintiffs bring survival and wrongful death claims under state and federal law in connection with the fatal shooting of the decedent, Rafael Chavez Franco, on August 22, 2019, in the city of Westminster, California.

**PARTIES**

2.      Plaintiffs DIECENIA CHAVEZ and RAFAEL CHAVEZ, are individuals residing in the City of Santa Ana, California and are the natural mother and father of RAFAEL CHAVEZ FRANCO, DECEDENT, and are suing in a representative capacity as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60

3.      Defendants CITY OF GARDEN GROVE ("GARDEN GROVE") and CITY OF WESTMINSTER ("WESTMINSTER") are and were, at all times pertinent hereto, municipal corporations and political subdivisions organized and existing under the laws of the State of California. GARDEN GROVE owns, operates, manages, directs, and controls the City of GARDEN GROVE Police Department.  WESTMINSTER owns, operates, manages, directs, and controls the City of WESTMINSTER Police Department. GARDEN GROVE and WESTMINSTER are liable for the use of excessive force, battery, and negligence of DOES 1 through 10 as to Plaintiffs' state law claims pursuant to Cal. Govt. Code § 815.2(a).  ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").  As to Plaintiffs' state law claims, DOES 1 through 10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a). Defendants GARDEN GROVE and WESTMINSTER are also liable pursuant to Cal. Govt. Code § 815.6.

COMPLAINT FOR DAMAGES

4.     DOES 1 through 10, inclusive, are those persons or entities who used deadly force against DECEDENT, and/or who integrally participated in and/or failed to intervene in the use of force against the DECEDENT, and who therefore proximately caused the injuries and damages alleged herein.  The true names and/or capacities of Defendants DOES 1 through 10, inclusive, and each of them, are presently unknown to Plaintiffs, who therefore sue said Defendants by their fictitious names.  Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

5.     Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency with and employment by the GARDEN GROVE and/or WESTMINSTER, with the full knowledge and consent, either expressed or implied, of their principal and/or employer (GARDEN GROVE and/or WESTMINSTER) and each of the Defendants approved or ratified the actions of the other Defendants thereby making the currently named Defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## JURISDICTION AND VENUE

6.     This civil action is brought to redress alleged deprivations of the Plaintiff's and the Decedent's federal constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, California common law, the California Constitution, and the Bane Act. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.  Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Orange County, California.

7.     Plaintiffs DIECENIA CHAVEZ and RAFAEL CHAVEZ timely filed a California Government Tort Claim with both WESTMINSTER and GARDEN

GROVE on approximately November 20, 2019. WESTMINSTER rejected Plaintiffs' claims on March 31, 2020. GARDEN GROVE has yet to respond but pursuant to Government Code Section 945.6(a)(2), have deemed rejected by operation of law.

### FACTS COMMON TO ALL CAUSES OF ACTION

8.    On or about August 22, 2019, Decedent RAFAEL CHAVEZ FRANCO was wrongfully shot and killed by Garden Grove Police Officers, DOES 1 through 10, who unjustifiably used excessive deadly force and fired their guns at Decedent RAFAEL CHAVEZ FRANCO killing him. Westminster Police Officers, DOES 1-10, also played an integral and fundamental role in DECDENT's wrongful shooting and killing. The DECEDENT was a driver in a vehicle that was being driven through the city of Westminster. Garden Grove and Westminster Police Officers, DOES 1 through 10, were in pursuit of DECEDENT's vehicle but never took steps to deescalate the situation and instead shot a volley of gunfire without incitement or justification. After the volley of gunfire aimed at DECEDENT's vehicle, the vehicle struck a block wall located behind a church in Westminster. DECEDENT was later pronounced dead. Throughout the development of these events Westminster Police Officers, DOES 1 through 10, also communicated by radio with Garden Grove Police Officers, DOES 1 through 10. As a result of GARDEN GROVE's and WESTMINSTER's negligent and inadequate training of its Police Officers, DECEDENT was wrongfully shot and killed by Garden Grove Police Officers DOES 1 through 10 acting in concert with Westminster Police Officers, DOES 1 through 10.

9.    Prior to the shooting, Garden Grove and Westminster Police Officers DOES 1 through 10 did not give any loud and adequate warning to the DECEDENT and without justification shot and killed the DECEDENT. Garden Grove and Westminster Police Officers, DOES 1 through 10, shot and killed an **unarmed** victim, as the DECEDENT did not have a weapon on his person at the

COMPLAINT FOR DAMAGES

time of the unlawful shooting. DOES 1 through 10 intentionally and/or negligently shot and killed Decedent. Prior to the shooting, there were no reports to, or from, the Garden Grove and Westminster Police Department that the DECEDENT caused any harm to any persons, or caused any property damage, or that DECEDENT presented an immediate threat of death or serious bodily injury to anyone, including Garden Grove and Westminster Police Officers DOES 1 through 10.

10.    Plaintiffs are informed and believe that GARDEN GROVE and WESTMINSTER and the respective Police Departments were obligated to provide proper training to its police officers. The intentional and negligent conduct of DOES 1 through 10 was a result of the negligent employment, negligent retention, negligent training, and negligent supervision of DOES 1 through 10 by the Defendant GARDEN GROVE and WESTMINSTER.

11.    The intentional, and/or negligent use of deadly force by the Westminster and/or Garden Grove Police Officers, DOES 1 through 10, was a result of the negligent employment, negligent retention, negligent supervision, and negligent training of GARDEN GROVE and WESTMINSTER. The intentional, reckless, negligent, and unjustified use of deadly force by the Garden Grove and Westminster Police Officers, DOES 1 through 10, was a result of the negligent training of Garden Grove and Westminster Police Officers by GARDEN GROVE and WESTMINSTER. GARDEN GROVE and WESTMINSTER failed to train Garden Grove and Westminster Police Officers, such as DOES 1 through 10, as to proper police tactics, ***proper situational awareness***, proper use of force, proper use of deadly force, and proper detention and arrest procedures. GARDEN GROVE and WESTMINSTER failed to train Garden Grove and Westminster Police Officers, such as DOES 1 through 10, to ***de-escalate*** situations and interactions with City of Garden Grove and City of Westminster residents and visitors so as to avoid the use of force, and the use of deadly force. These negligent failures of GARDEN GROVE and WESTMINSTER caused DOES 1 through 10, to ***escalate***

their interactions with residents and to overreact and resort to use of deadly force when use of force is not necessary. GARDEN GROVE and WESTMINSTER failed to train DOES 1 through 10 in **proper communication** of information by DOES 1-10 before and during the incident, which was also part of the negligent failures of the **situational awareness** by DOES 1-10. GARDEN GROVE and WESTMINSTER were responsible for the training of Garden Grove and Westminster Police Officers to ensure that the actions, procedures, and practices of Garden Grove and Westminster Police Officers complied with POST training standards regarding proper police tactics, and proper use of deadly force. These failures to train by GARDEN GROVE and WESTMINSTER manifested a deliberate indifference to the civil rights of the residents of the City of Garden Grove and the City of Westminster.

12. CITY OF GARDEN GROVE, GARDEN GROVE POLICE DEPARTMENT, the Police Chief of the Garden Grove Police Department, Commanders, Captains, and other high ranking supervisors of the Garden Grove Police Department, negligently failed to train Garden Grove Police Officers, such as DOES 1 through 10, in conformity with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. Further, CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT, the Police Chief of the Westminster Police Department, Commanders, Captains, and other high ranking supervisors of the Westminster Police Department, negligently failed to train Westminster Police Officers, such as DOES 1 through 10, in conformity with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures Peace Officer Standards and Training (POST) was established by the California Legislature in 1959 to set minimum training standards for California law enforcement officers. GARDEN GROVE and WESTMINSTER and high ranking supervisors ratify, condone, and acquiesce in

the negligent and/or excessive use of force by its police officers, acting under color of law. The failure to train by GARDEN GROVE and WESTMINSTER manifested a deliberate indifference to the civil rights of the residents of the City of Garden Grove and the City of Westminster.

13.    GARDEN GROVE and WESTMINSTER, the Police Chief of Garden Grove Police Department, the Police Chief of Westminster Police Department, Commanders, Captains, and other high ranking supervisors of the Garden Grove and/or Westminster Police Department negligently failed to train Garden Grove and Westminster Police Officers, such as DOES 1 through 10, in conformity with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures; negligently failed to properly train City of Garden Grove and City of Westminster Police Officers, such as DOES 1 through 10, to *de-escalate* situations and interactions with City of Garden Grove and City of Westminster residents so as to avoid the use of force, and the use of deadly force. These negligent failures by GARDEN GROVE and WESTMINSTER caused Garden Grove and Westminster Police Department Officers, such as DOES 1 through 10, to *escalate* their interactions with residents and to *overreact* and resort to use of deadly force when use of deadly force is not necessary. These negligent failures to properly train City of Garden Grove and City of Westminster Police Officers, such as DOES 1 through 10, was the proximate cause of the shooting of the DECEDENT on August 22, 2019, who was wrongfully shot and killed by Garden Grove and/or Westminster Police Officers DOES 1 through 10. These failures to train by GARDEN GROVE and WESTMINSTER manifested a deliberate indifference to the civil rights of the residents and visitors of the City of Garden Grove and the City of Westminster.

14.    GARDEN GROVE and WESTMINSTER, the Police Chief of Garden Grove Police Department, the Police Chief of Westminster Police Department, Commanders, Captains, and other high ranking supervisors, ratify, condone, and

acquiesce in the filing of false police reports to "cover up" the negligent and/or excessive use of force; and ratify, condone, and acquiesce, in the falsification of evidence, the "planting" of evidence to "cover up" the negligent and/or excessive use of force, and other Police Department misconduct.

15.    Plaintiffs are informed and believe that GARDEN GROVE and WESTMINSTER and the Police Departments lacked appropriate procedure, policy and training on how to effectuate contact with an unarmed individual and should have used other less deadly, reasonable methods of initiating contact with the DECEDENT, other than shooting at and killing the DECEDENT.

16.    Plaintiffs are informed and believe that DECEDENT's death came about as a result of GARDEN GROVE and WESTMINSTER and the Police Departments' lack of implementation of proper procedure and training. If City of Garden Grove and City of Westminster Police Officers, such as DOES 1 through 10, had been properly trained, and had such training been properly implemented, the death of DECEDENT would not have occurred.

17.    Plaintiffs are informed and believe that prior to the shooting and at the time of the shooting, Defendants failed to ascertain whether or not the DECEDENT was a threat to himself or others, or whether there was any immediate threat of death or serious bodily injury to others.

18.    Proper training of City of Garden Grove and City of Westminster Police Officers would have resulted in tactics using less deadly and more reasonable methods of initiating contact with the DECEDENT, other than shooting at and killing the DECEDENT.

19.    At the time of the shooting, the DECEDENT posed no imminent threat of death or serious physical injury to any person or any Garden Grove and/or Westminster police officer such as DOES 1 through 10, especially since he was unarmed at the time of the shooting.  As a result of the excessive use of deadly force, the DECEDENT succumbed to the gunshot wounds.

COMPLAINT FOR DAMAGES

20.    Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused the DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries leading to his ultimate death.

21.    As a direct and proximate result of all Defendants' acts and omissions, Plaintiffs have suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The shooting of DECEDENT was totally unjustified in that DECEDENT was unarmed and did not pose a threat to the safety of any of the officers or any other individual.

## FIRST CAUSE OF ACTION

### Fourth Amendment Excessive Force, 42 U.S.C. §1983

(By Plaintiffs against All Defendants and Does 1-10)

27.    Plaintiffs' hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

28.    The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force by peace officers. 42 U.S.C. §1983 provides a private right of action for conduct which violates this right.

29.    DOES 1 through 10 violated DECEDENT's Fourth Amendment right when they used excessive and unreasonable force against him by shooting at the DECEDENT when he was **unarmed**, outnumbered, had not threatened anyone, had not attempted to harm anyone, and posed no immediate threat of death or serious bodily injury to anyone at the time of the shots.

30.    The use of deadly force against the DECEDENT was not objectively reasonable because the DECEDENT posed no immediate threat of death or serious bodily injury to the Defendants or anyone else at the time of the shooting and there were several alternative means of apprehending DECEDENT without using deadly force.

31.    DOES 1 through 10 are liable for the excessive and unreasonable force used against the DECEDENT because each Defendant directly participated, integrally participated, and/or failed to intervene in the violation of the DECEDENTS' constitutional rights.

32.    As a direct and proximate result of the violation of DECEDENTS' constitutional rights, the DECEDENT experienced pre-death pain and suffering, and also suffered the loss of enjoyment of his life. The Plaintiffs therefore seek survival damages under this claim in their capacity as successors-in-interest to the DECEDENT.

33.    In shooting DECEDENT, when he was unarmed, outnumbered, was not in the process of committing a crime, had not threatened anyone, had not attempted to harm anyone, and posed no immediate threat of death or serious bodily injury, DOES 1 through 10 acted with malice, oppression, and/or in reckless disregard of DECEDENT'S rights. Diecenia Chavez and Rafael Chavez therefore seeks punitive damages against DOES 1 through 10.

34.    Plaintiff's also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

## SECOND CAUSE OF ACTION

**Fourteenth Amendment Interference with Familial Relations (42 U.S.C. §1983)**

(By Plaintiffs against All Defendants and Does 1-10)

35.    Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and herby incorporate by reference said paragraphs as though fully set forth below.

36.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationships of the DECEDENT.

37.    DOES 1 through 10, acting under color of state law, violated Diecenia Chavez and Rafael Chavez's Fourteenth Amendment right to be free from unwarranted interference with their familial relationship with DECEDENT when they used excessive and unreasonable force, causing the DECEDENT's death.

38.    DOES 1 through 10 are liable for the violation of  DECEDENT'S Fourteenth Amendment right because each Defendant directly participated, integrally participated, and/or failed to intervene in the use of excessive or unreasonable force against the DECEDENT.

39.    As a direct and proximate cause of Defendants' conduct, Diecenia Chavez and Rafael Chavez suffered the loss of the DECEDENT'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance. Plaintiffs therefore seek compensatory damages under this claim in their individual capacity.

40.    DOES 1 through 10 acted with malice, oppression, and/or in reckless disregard of the Plaintiff's rights.  Diecenia Chavez and Rafael Chavez therefore seek punitive damages against DOES 1 through 10.

41.    Plaintiff's also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

## **THIRD CAUSE OF ACTION**

## **VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983)**

(By Plaintiffs against All Defendants and Does 1-10)

42.    Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth in this cause of action.

43.    This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution.

COMPLAINT FOR DAMAGES

44.     Defendants GARDEN GROVE, WESTMINSTER, and DOES 1 through 10, and each of them, owed a duty under Federal law to protect the civil rights of DECEDENT.

45.     Plaintiffs contend and herein allege that Defendants CITY OF GARDEN GROVE, CITY OF WESTMINSTER, and DOES 1 through 10, and each of them, breached these aforementioned duties intentionally and in violation of the civil rights of DECEDENT and Plaintiffs, in relation to all of their interactions with DECEDENT, on August 22, 2019, including, but not limited to, use of excessive and deadly force upon DECEDENT when the DECEDENT was not an imminent threat to DOES 1 through 10.

46.     Plaintiffs contend and herein allege that Defendant CITY OF GARDEN GROVE, CITY OF WESTMINSTER, and DOES 1 through 10, and each of them, breached these aforementioned duties, which constituted violations of the Federal civil rights of DECEDENT RAFAEL CHAVEZ FRANCO, in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

47.     Plaintiffs contend and herein allege that Defendants DOES 1 through 10's use of excessive and deadly force upon the DECEDENT, who was not an imminent threat to DOES 1 through 10, was the legal cause of the DECEDENT's death on August 22, 2019.

48.     On August 22, 2019, Defendants GARDEN GROVE, WESTMINSTER, and DOES 1 through 10 violated the DECEDENT's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law. This violation was under color of State and Federal law. Defendants CITY OF GARDEN GROVE, CITY OF WESTMINSTER, and DOES 1 through 10, and each of them, acted in violation of the Fourth and Fourteenth Amendment of the United

States Constitution, when the DECEDENT was subjected to excessive force and killed by Defendants DOES 1 through 10.

49.    DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

50.    As a result of the uses of excessive force by Garden Grove and Westminster Police Officers DOES 1 through 10, the DECEDENT died.  Plaintiffs Diecenia Chavez and Rafael Chavez were thereby deprived of their constitutional right of their familial relationship with the DECEDENT.

51.    Defendants GARDEN GROVE, WESTMINSTER, and DOES 1 through 10, and each of their actions as aforesaid above, directly and proximately caused constitutional injuries and damages to DECEDENT and to Plaintiffs Diecenia Chavez and Rafael Chavez set forth herein.

52.    Defendant GARDEN GROVE, WESTMINSTER, and DOES 1 through 10 are liable for the violation of the civil rights of DECEDENT and Plaintiffs, and which was also caused by the customs, policies and practices of the Defendant CITY OF GARDEN GROVE and CITY OF WESTMINSTER.

53.    As a direct and proximate result of the conduct of the Defendant GARDEN GROVE, WESTMINSTER, and DOES 1 through 10, and each of them, the DECEDENT suffered the following injuries and damages for which Plaintiffs may recover:

a.    Violation of DECEDENT's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law;

b.    Loss of life of DECEDENT RAFAEL CHAVEZ FRANCO;

COMPLAINT FOR DAMAGES

1        c.    Conscious physical pain, suffering and emotional trauma
2    suffered by DECEDENT during the incident on August 22, 2019.

3    54.    As a direct and proximate result of the conduct of the Defendants
4    GARDEN GROVE, WESTMINSTER, and DOES 1 through 10, Diecenia
5    Chavez and Rafael Chavez have suffered the loss of the life-long love,
6    companionship, comfort, care, assistance, support, protection, affection, society,
7    and moral support of DECEDENT, and will continue to be so deprived for the
8    remainder of their natural lives.

9    55.    Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to an award of
10   attorneys' fees, costs and expenses as a result of the violations of DECEDENT
11   and Plaintiffs' civil rights by Defendants GARDEN GROVE, WESTMINSTER,
12   and DOES 1 through 10, and the constitutional injuries caused by Defendants
13   CITY OF GARDEN GROVE, CITY OF WESTMINSTER, and DOES 1
14   through 10.

15   **FOURTH CAUSE OF ACTION**

16   **Municipal Liability -- Ratification (42 U.S.C. § 1983)**

17   56.    Plaintiffs hereby restate and re-allege each and every paragraph set
18   forth above, and hereby incorporate by reference said paragraphs as though fully set
19   forth below.

20   57.    Defendants DOES 1 through 10 acted under color of law.

21   58.    The acts of Defendants DOES 1 through 10 deprived DECEDENT and
22   Plaintiffs of their particular rights under the United States Constitution.

23   59.    Upon information and belief, GARDEN GROVE and
24   WESTMINSTER policymakers and executive management of GARDEN GROVE
25   and WESTMINSTER, acting under color of law, who had final policymaking
26   authority concerning the acts of Defendants DOES 1 through 10, **ratified** the actions
27   of Defendants DOES 1 through 10; and ratified the use of deadly force by DOES 1
28   through 10. Upon information and belief, the final policymakers of GARDEN

GROVE and WESTMINSTER knew of and specifically approved of the acts of Defendants DOES 1 through 10.

60.    Upon information and belief, final policymakers and executive management of GARDEN GROVE and WESTMINSTER, have determined (or will determine) that the acts of Defendants DOES 1 through 10 were "within policy." Upon further information and belief, final policymakers and executive management of GARDEN GROVE and WESTMINSTER, have determined (or will determine) that the acts of Defendants DOES 1 through 10 do not warrant that any retraining or disciplinary measures be taken against these individual officers, Defendants DOES 1 through 10.

61.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance. The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and death.

62.    Accordingly, Defendants GARDEN GROVE and WESTMINSTER are liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

63.    Plaintiffs bring this claim for survival damages in their capacity as successors-in-interest to DECEDENT and as individuals for wrongful death damages. Plaintiffs also seeks attorney's fees pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

64.    Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

65.    Defendants DOES 1 through 10 acted under color of law.

66.    The acts of Defendants DOES 1 through 10 deprived Plaintiffs and DECEDENT of their particular rights under the United States Constitution.

67.    The training policies of Defendant GARDEN GROVE and WESTMINSTER were not adequate to train its officers, such as DOES 1 through 10, to handle the usual and recurring situations with which they must deal. The training policies of GARDEN GROVE and WESTMINSTER were deficient in the following ways:

a.    GARDEN GROVE and WESTMINSTER failed to properly train City of Garden Grove and City of Westminster Police Officers, such as DOES 1-10, so that Officers, such as DOES 1-10, do not *escalate* their interactions with residents and do not *overreact* and resort to use of deadly force when the use of force was not necessary.

b.    GARDEN GROVE and WESTMINSTER failed to properly train City of Garden Grove and City of Westminster Police Officers, such as DOES 1-10, so that Officers, such as DOES 1-10, do not permit fear to reach the point of becoming *unreasonable* fear which would result in the use of deadly force to cause the death of visitors, such as DECEDENT. This was a part of the GARDEN GROVES's and WESTMINSTER's negligent failure to train DOES 1-10 to properly and adequately assess the need to use deadly force against DECEDENT.

c.    On August 22 2019, DECEDENT was driving away when Officers DOES 1-10, who were not properly trained by GARDEN GROVE and/or WESTMINSTER, shot up the car that DECEDENT was driving.

d.    GARDEN GROVE and WESTMINSTER failed to properly train City of Garden Grove and City of Westminster Police Officers, such as DOES 1-10, in proper police tactics, such as *situational awareness* so that Officers, such as DOES 1 through 10, do not utilize negligent tactics, such as when DOES 1 through 10 used excessive and deadly force at DECEDENT while he was driving. Because of this lack of proper training by GARDEN GROVE and WESTMINSTER, DOES 1 through 10 did not use proper police tactics in handling of the contact with DECEDENT, and DOES 1 through 10 used defective police tactics, including the

COMPLAINT FOR DAMAGES

*pre-shooting* lack of situational awareness by DOES 1 through 10. These defective tactics resulted in the shooting by DOES 1 through 10 that killed DECEDENT.

e.    GARDEN GROVE and WESTMINSTER failed to properly train City of Garden Grove and City of Westminster Police Officers, such as DOES 1 through 10, so that Officers, such as DOES 1 through 10, would be trained in the importance of *effective communication* prior to using deadly force.

f.    Because of the lack of proper training by GARDEN GROVE and WESTMINSTER, DOES 1 through 10 did not use effective communication prior to and during the shooting of DECEDENT. The *ineffective communication* of information by DOES 1 through 10, prior to and during the incident, resulted in the shooting by DOES 1-10 that killed DECEDENT. The failure to properly train police officers by the Defendant GARDEN GROVE and WESTMINSTER was the driving force that caused DOES 1-10 to shoot and kill DECEDENT; and had DOES 1-10 been properly trained, DECEDENT would not have been shot and killed by DOES 1-10. The failure to properly train police officers by the Defendant CITY OF GARDEN GROVE and CITY OF WESTMINSTER manifest a deliberate indifference to the violations of civil rights, and is the resulting consequence of a failure to train Garden Grove and Westminster Police Officers by GARDEN GROVE and WESTMINSTER. Defendants GARDEN GROVE and WESTMINSTER was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

68.    The failure of Defendants GARDEN GROVE and WESTMINSTER to provide adequate training caused the deprivation of Plaintiff's and DECEDENT'S rights by Defendants DOES 1 through 10; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's and DECEDENT'S rights as to be the moving force that caused their ultimate injuries.

69.    On information and belief, GARDEN GROVE and WESTMINSTER failed to train DOES 1 through 10 properly and adequately.

70.     By reason of the aforementioned acts and omissions, the Plaintiffs have suffered loss of the DECEDENT'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.   The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and loss of life.

71.     Accordingly, Defendants GARDEN GROVE and WESTMINSTER are liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

72.     Plaintiffs bring this claim for survival damages in their capacity as successors-in-interest to DECEDENT and in their capacity as individuals for wrongful death damages. Plaintiff's also seeks attorney's fees pursuant to 42 U.S.C. §1988.

## SIXTH CAUSE OF ACTION

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

73.     Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

74.     Defendants DOES 1 through 10 acted under color of law.

75.     Defendants DOES 1 through 10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant GARDEN GROVE and WESTMINSTER.

76.     On information and belief, Defendants DOES 1 through 10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT'S death.

77.     Defendants DOES 1 through 10, together with other GARDEN GROVE and WESTMINSTER policymakers and supervisors, maintained, *inter alia*, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force;

(b)     Providing inadequate training regarding the use of deadly force;

(c)   Employing and retaining as police officers individuals such as Defendants DOES 1 through 10, whom Defendant GARDEN GROVE and WESTMINSTER at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and disciplining GARDEN GROVE and WESTMINSTER officers, and other personnel, including Defendant DOE officers, whom Defendant GARDEN GROVE and WESTMINSTER knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendants DOES 1 through 10;

(f)   Failing to adequately discipline GARDEN GROVE AND WESTMINSTER police officers, including Defendants DOES 1 through 10, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)   Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)   Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

COMPLAINT FOR DAMAGES

(i)    Encouraging, accommodating, or facilitating a "thin blue line", "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

78.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance. The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and loss of life.

79.    Defendants GARDEN GROVE, WESTMINSTER, and DOES 1 through 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff's, and other individuals similarly situated.

COMPLAINT FOR DAMAGES

80.    By perpetrating, sanctioning, tolerating and ratifying outrageous conduct and other wrongful acts, DOES 1 through 10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for Plaintiff's constitutional rights.    Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants GARDEN GROVE, WESTMINSTER, and DOES 1 through 10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff's.

81.    Accordingly, Defendants GARDEN GROVE and WESTMINSTER are liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

82.    Plaintiffs bring this claim for survival damages in their capacity as successors-in-interest to DECEDENT and in their capacity as individuals for compensatory damages.  Plaintiffs also seeks attorney's fees pursuant to 42 U.S.C. §1988.

### SEVENTH CAUSE OF ACTION

**Battery - Wrongful Death**

83.    Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

84.    DOES 1 through 10 while acting within the course and scope of their employment as Garden Grove and/or Westminster Police Officers, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. DOES 1 through 10 had no legal justification for using excessive force against DECEDENT, and their uses of force while carrying out their duties as Garden Grove and/or Westminster Police Officers was ***unreasonable*** and non-privileged.

85.    As a result of the actions of DOES 1 through 10, the DECEDENT died. The unreasonable and excessive force also caused the Plaintiffs to suffer the loss of DECEDENT'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.

COMPLAINT FOR DAMAGES

86.    GARDEN GROVE and/or WESTMINSTER are vicariously liable for the wrongful acts of DOES 1 through 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87.    The conduct of DOES 1 through 10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOES 1 through 10.

88.    Plaintiffs bring this claim as DECEDENT'S successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival damages for the violation of DECEDENT'S rights and wrongful death damages for the loss of relationship with DECEDENT.    Plaintiffs also seek attorney's fees under Cal. Civ. Code §1021.5.

**EIGHTH CAUSE OF ACTION**

**Negligence-Wrongful Death**

89.    Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

90.    Police officers, including Defendant DOES 1 through 10, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using excessive force unless necessary, using less than lethal options, and only using deadly force as a last resort.

91.    Defendants DOES 1 through 10 breached this duty of care.  The actions and inactions of Defendants DOES 1 through 10 were negligent and reckless, including but not limited to:

COMPLAINT FOR DAMAGES

(a) the failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent use of force, including deadly force, against DECEDENT;

(d) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1 through 10;

(e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(f) the negligent handling of evidence and witnesses; and

(g) the negligent communication of information during the incident.

92.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, the DECEDENT ultimately died. The Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

93.    GARDEN GROVE and WESTMINSTER are vicariously liable for the wrongful acts of Defendants DOES 1 through 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

94.    Plaintiffs bring this claim as DECEDENT'S successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival damages for the violation of DECEDENT'S rights and wrongful death damages for the loss of relationship with DECEDENT.    Plaintiffs also seek attorney's fees under Cal. Civ. Code §1021.5.

1

2
## **NINTH CAUSE OF ACTION**

3
**Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**

4
95.    Plaintiffs hereby restate and re-allege each and every paragraph set

5
forth above, and hereby incorporate by reference said paragraphs as though fully set

6
forth below.

7
96.    California Civil Code, Section 52.1 (the Bane Act) applies to this

8
complaint with the same force and effect as fully set forth herein:

9
a.    If a person or person, whether or not acting under color of law,

10
interferes by threat, intimidation, or coercion, or attempts to interfere by threat,

11
intimidation, or coercion, with the exercise or enjoyment by any individual or

12
individuals or rights secured by the Constitution or laws of the United States, or of

13
the rights secured by the Constitution or laws of this state ... a civil action for

14
injunctive and other appropriate equitable relief may be brought.

15
b.    Any individual whose exercise or enjoyment of rights secured by

16
the Constitution or laws of this state, has been interfered with, as described in

17
subdivision (a), may institute and prosecute in his name and on his own behalf a

18
civil action for damages, including but not limited to, damages under Section 52,

19
injunctive relief, and other appropriate equitable relief to protect the peaceable

20
exercise or enjoyment of the rights secured, including appropriate equitable and

21
declaratory relief to eliminate a pattern or practice of conduct as described in

22
subdivision (a).

23
97.    The Bane Act, the California Constitution and California common law

24
prohibit the use of excessive force by law enforcement. California Civil Code,

25
Section 52.1(b) authorizes a private right of action and permits survival actions for

26
such claims. See *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th

27
141, 144 (1995). "[A] successful claim for excessive force under the Fourth

28
Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v.*

1  *City of Huntington Beach*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron*
2  *v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive
3  force claim under § 52.1 are the same as under § 1983."); *Bender v. County. of L.A.*,
4  217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure] - when accompanied by
5  unnecessary, deliberate and excessive force is within the protection of the Bane
6  Act").

7      98.    On information and belief, DOES 1 through 10, while working for the
8  GARDEN GROVE and WESTMINSTER and acting within the course and scope of
9  their duties, intentionally committed and attempted to commit acts of violence
10 against DECEDENT, including shooting him without justification or excuse and by
11 integrally participating and/or failing to intervene in the above violence.

12     99.    When Defendants DOES 1 through 10 shot at the DECEDENT, they
13 acted with a reckless disregard for and in violation of DECEDENT'S rights under
14 the state and federal constitutions to be free from excessive force.

15     100.   The conduct of DOES 1 through 10 was a substantial factor in causing
16 DECEDENT'S death.

17     101.   GARDEN GROVE and WESTMINSTER are vicariously liable for the
18 wrongful acts of Defendants DOES 1 through 10, inclusive, pursuant to Section
19 815.2(a) of the California Government Code, which provides that a public entity is
20 liable for the injuries caused by its employees within the scope of the employment if
21 the employee's act would subject him or her to liability.

22     102.   Defendants GARDEN GROVE and WESTMINSTER are vicariously
23 liable under California law and the doctrine of *respondeat superior*.

24     103.   The conduct of Defendants DOES 1 through 10 was malicious, wanton,
25 oppressive, and accomplished with a conscious disregard for DECEDENT's and
26 Plaintiffs' rights, justifying an award of exemplary and punitive damages as to
27 Defendants DOES 1 through 10.

28

COMPLAINT FOR DAMAGES

104.  The Plaintiff's bring this claim as DECEDENT'S successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT'S rights.  Plaintiffs also seeks attorney's fees under the Bane Act.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants CITY OF GARDEN GROVE, CITY OF WESTMINSTER, and DOES 1 through 10, inclusive as follows:

1. For survival damages under state law in a sum according to proof at trial;
2. For survival damages under federal law, including damages for pre-death pain and suffering, loss of enjoyment of life, and loss of  life, in a sum according to proof at trial;
3. For wrongful death damages under state and federal law, in a sum according to proof at trial;
4. For costs of suit and pre-judgment and post-judgment interest;
5.  For attorney's fees under §1021.5, §52.1, and §1988.
6. For punitive damages as provided under state and federal law against the individual defendants, in a sum according to proof at trial;
7. For other and further relief as the court may deem just, proper, and appropriate.

DATED:  August 25, 2020          CARRILLO LAW FIRM, LLP

By _____

Michael S. Carrillo

Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  August 25, 2020          CARRILLO LAW FIRM, LLP

By _____

Michael S. Carrillo

Attorney for Plaintiffs

COMPLAINT FOR DAMAGES